```
                       UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF MISSISSIPPI
                            NORTHERN DIVISION


KENNETH WASHINGTON                                         PLAINTIFF

VS.                              CIVIL ACTION NO. 3:16CV629TSL-RHW


COPIAH COUNTY BOARD OF SUPERVISORS,
COPIAH COUNTY GRAND JURIES, SHERIFF
HAROLD JONES, UNDERSHERIFF  DERIK
CUBIT, DETECTIVE JOHN ROBERTS, DEPUTY
PERCY CALHOUN, NOTARY CECIL  HALLMAN,
JAIL ADMINISTRATOR MS. BLACK,
INVESTIGATOR SHARON KELLY, INVESTIGATOR
MILTON TWINNER, JUSTICE COURT PROSECUTOR
ELISE MUNN, JUSTICE COURT JUDGE VICKY B.
RAMSEY, JUSTICE COURT CLERK MONA LISA CARR,
DISTRICT ATTORNEY ALEXANDER MARTIN,
ADJOINING DEFENDANT(S) LESLIE BROWN,
ATTORNEY GENERAL JIM HOOD, HONORABLE HENRY
WINGATE, HONORABLE LINDA ANDERSON, CLERK
TONYA CARRUTH, COURT REPORTER BRENDA
WOLVERTON, AND ARTHUR JOHNSTON                             DEFENDANTS
```

                    MEMORANDUM OPINION AND ORDER

       The following motions relating to the merits of plaintiff

Kenneth Washington's claims have been filed in this cause:

   •    Motion for Judgment on the Pleadings by Copiah
        County Board of Supervisors [Dkt. 13];

   •    Motion for Judgment on the Pleadings by Sheriff
        Harold Jones, Undersheriff Derrick Cubit, Detective
        John Roberts, Deputy Percy Calhoun, Jail
        Administrator Ms. Black, Investigator Sharon Kelly,
        Investigator Milton Twinner, Justice Court
        Prosecutor Elise Munn, Justice Court Judge Vicky B.
        Ramsey, Deputy Clerk Cecil Hallman, and Justice
        Court Clerk Mona Lisa Carr (herein "the County
        Defendants") [Dkt. 14];

- Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim by District Attorney Alexander Martin [Dkt. 23];

- Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim by Mississippi Attorney General Jim Hood [Dkt. 25]; and

- Motion to Dismiss pursuant to Rule 12(b)(3) by United States District Judge Henry T. Wingate, United States Magistrate Judge Linda Anderson, Clerk of Court Arthur Johnston, Deputy Clerk Tonya Carruth and Court Reporter Brenda Wolverton (the "Federal Defendants")[Dkt. 28].

In addition to these motions, there are also pending a motion by the County Defendants to strike plaintiff's second response to their motion for judgment on the pleadings [Dkt. 32], and motions by plaintiff to disqualify William Allen as counsel for the County Defendants [Dkt. 19] and "for constitutional challenge of statute" [Dkt. 38].

The court has considered the various motions, responses and memoranda of authorities submitted by the parties,[1] and concludes that, with the exception of plaintiff's claim relating to his conditions of confinement, the motions to dismiss and/or for judgment on the pleadings are well taken and should be granted. As to the conditions of confinement claim, the County Defendants'

---

[1] Recently, well after the close of briefing on the motions, plaintiff filed surrebuttal briefs on the motions by the Federal Defendants, and by defendants Hood and Alexander. [Dkt. Nos. 44, 45 and 46]. Those submissions are not properly before the court and will therefore be stricken from the record.

motion will be denied insofar as the claim is asserted against Sheriff Jones and Jail Administrator Black.  The court will deny the County Defendants' motion to strike and both of plaintiff's motions.

Background

On June 17, 2013, following an altercation involving plaintiff and a number of other individuals, investigators and deputies with the Copiah County Sheriff's Office were dispatched to 1001 John M. Hall Street, Hazlehurst, Mississippi.  After the officers arrived on scene, plaintiff was arrested by Deputy Percy Calhoun, at the direction of Copiah County Undersheriff Derrick Cubit, for disturbing the peace, ostensibly because he was fighting in the middle of the street.  Plaintiff was held in jail until his initial appearance on June 19, 2013, at which time he was charged with the additional offenses of simple assault, disturbing the peace, simple assault on a minor and shooting into a motor vehicle.  Plaintiff alleges that Justice Court Judge Vicky Ramsey, as directed by Sheriff Harold Jones, set bail at $3,000 on the first three charges and at $10,000 on the charge of shooting into a motor vehicle.  Because he could not afford the "outrageous bail", plaintiff was forced to remain in jail.  During this time, he suffered from a headache and from pain from being assaulted during his arrest, but despite his complaints to jail staff, he

3

was denied medical attention.  Moreover, he was subjected to unsanitary conditions (i.e., "mold infested wall[s]" and feces coming out of the drain) and overcrowding.

Plaintiff alleges that notwithstanding that the other participant in the alleged fight was tried and found not guilty of disturbing the peace in Copiah County Justice Court on July 25, 2013, plaintiff was tried and found guilty on September 16, 2013 of disturbing the peace,[2] based on perjured testimony from Deputy Calhoun.  He was sentenced to time served and fined $350.00, plus an assessment of $137.75.  Plaintiff avers that after the grand jury declined to indict him for shooting into a motor vehicle, the district attorney amended that charge to instead charge exhibiting a deadly weapon.  He alleges that following a trial on that charge, the court mailed him a ruling stating the verdict was not guilty if he stayed out of trouble.

On May 2, 2014, plaintiff appealed his conviction for disturbing the peace to the Copiah County Circuit Court, which denied his appeal as untimely.  He appealed to the Mississippi Supreme Court, and on April 14, 2014, the Mississippi Court of Appeals affirmed.  See Washington v. Copiah Cty., No. 3:16CV5TSL-RHW, 2016 WL 1367512 (S.D. Miss. Mar. 21, 2016), report and

---

[2]      The charges of simple assault and assault on a minor were dismissed.

recommendation adopted, No. 3:16CV5TSL-RHW, 2016 WL 1354720 (S.D. Miss. Apr. 5, 2016) (detailing state court proceedings). Meanwhile, on February 26, 2014, plaintiff filed a lawsuit in this court against Copiah County relating to his arrest and conviction, in which he vaguely charged "libel slander, conspiracy, tampering, falsifying documents, malicious prosecution, & violation of civil rights" based on allegations he was "falsely imprisoned without proper bail, excessive bail was rendered initial appearance, right to face my accuser, fair trial, and denied due process in Court proceedings." See Washington v. Copiah Cnty., Civil Action No.: 3:14-cv-156-HRW-LRA, aff'd, Washington v. Copiah Cnty., No. 15-60160 (5th Cir. 2016) (Washington I). After Copiah County moved to dismiss for failure to state a claim, plaintiff moved to amend his complaint to add claims against a number of additional defendants, as follows:

> Investigator Percy Calhoun: false arrest, false imprisonment and false testimony;

> Undersheriff Derick Cubit: excessive force;

> Investigator Tommy Roberts: excessive force;

> Investigator Sharon Kelly: concealing facts that would prove plaintiff's innocence;

> Investigator Milton Twinner: concealing facts that would prove plaintiff's innocence;

> Sheriff Harold Jones: "unfair statement made to the judge" (regarding bail);

5

>    Clerk Mona Lisa Carr: filing and signing criminal
>    affidavit as a judge;
>    Prosecutor Elise Munn: committing "fraud, malicious
>    prosecution and violating rules of ccp" (criminal
>    procedure); and
>
>    Judge Vicky B. Ramsey: not applying "the cannons rules
>    witnessing misconduct of URCCCP."

On September 3, 2014, Magistrate Judge Linda Anderson held a
hearing on plaintiff's motion to amend but deferred to the
district judge for a ruling on the motion, since it was related to
the pending motion to dismiss.  On February 27, 2015, Judge
Wingate entered an order granting the motion to dismiss, and
denying the motion to amend on the basis that "Washington's claims
against Calhoun would fail and Washington's proposed amendment
would be futile."  Plaintiff filed a timely notice of appeal,
along with a motion to proceed in forma pauperis, which was
granted.  In connection with his appeal, plaintiff sought to
obtain at government expense a copy of the transcript of the
September 3, 2014 hearing before Judge Anderson.  Judge Wingate
denied that motion by order entered August 13, 2015, finding that
plaintiff had failed to show he had any particular need for the
transcript, and that the transcript would have no relevance and
would not be helpful in an appeal of the final order of
dismissal.[3]  <u>Washington I</u>, Civ. Action No. 3:14-cv-156-HTW-LRA, at

---

[3]    On January 5, 2016, Washington filed a federal petition
for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was

2 (S.D. Miss. Aug. 13, 2015).  By order entered May 25, 2016, the Fifth Circuit affirmed Judge Wingate's dismissal and denial of the plaintiff's motion to amend.

On August 12, 2016, plaintiff filed the present action relating not only to his June 17, 2013 arrest and subsequent imprisonment and prosecution, but also to the handling and disposition of his prior lawsuit in this court.  His complaint in this case reflects that he asserts claims against the following individuals relating to his arrest, incarceration, prosecution and conviction on the state criminal charges:

> Investigator Percy Calhoun: denial of due process by committing perjury to secure a conviction (under an unlawful statute that does not exist);

> Undersheriff Derick Cubit: assault and arrest without probable cause in violation of the Fourth and Fourteenth Amendments;

> Investigator Tommy Roberts:  assault and arrest without probable cause in violation of the Fourth and Fourteenth Amendments;

> Investigator Sharon Kelly: knowing withholding of evidence favorable to plaintiff's defense in violation of his Fourteenth Amendment due process rights;

> Investigator Milton Twinner: knowing withholding of evidence favorable to plaintiff's defense;

_____

dismissed as time barred.  See Washington v. Copiah Cty., No. 3:16-CV-5-TSL-RHW, 2016 WL 1367512 (S.D. Miss. Mar. 21, 2016), report and recommendation adopted, No. 3:16CV5TSL-RHW, 2016 WL 1354720 (S.D. Miss. Apr. 5, 2016).

Sheriff Harold Jones: earwigging of judge about plaintiff's
bail in violation of his due process rights;
Clerk Mona Lisa Carr:  alteration of public records and
failing to train employees that affidavits for arrest must be
signed by judge, in violation of due process rights;

Prosecutor Elise Munn: denied due process by withholding
exculpatory evidence and accepting perjured testimony with
the intent to defraud plaintiff;

Judge Vicky B. Ramsey: denial of due process by imposing
excessive bail, conspiring to withhold evidence favorable to
the defense and accepting perjured testimony;

Clerk/Notary Cecil Hallman: violation of his due process
rights by notarizing a criminal affidavit which charged a
criminal violation under an illegal statute.

In addition, plaintiff has alleged claims based on alleged

unconstitutional conditions of confinement against Sheriff Jones,

a Ms. Black, Jail Administrator, the Copiah County Board of

Supervisors and Copiah County grand juries, all of whom have

allegedly certified the Copiah County Detention Center as suitable

for housing inmates.  He has also sued Mississippi Attorney

General Jim Hood and District Attorney Martin Alexander for

alleged violation of his due process rights by failing to grant

him relief from an unconstitutional prosecution/conviction under a

nonexistent state statute.  And he has sued a number of federal

defendants, namely, Judge Wingate, Judge Anderson, Clerk of Court

Arthur Johnston, Deputy Clerk Tonya Carruth and Court Reporter

Brenda Wolverton, for alleged due process violations.  All of these defendants have moved to dismiss.[4]

> Copiah County Defendants

The Copiah County defendants have moved for judgment on the pleadings, contending that all of plaintiff's claims against them are barred by res judicata inasmuch as the claims were previously adjudicated and dismissed.  In addition, they assert that all claims arising out of plaintiff's June 17, 2013 arrest, including his claims for false arrest/imprisonment and excessive force (assault), are time-barred by the applicable statute of limitations.  Plaintiff has responded in opposition to the motion.[5]

"'Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Oreck Direct, LLC v. Dyson, Inc., 560 F.3d 398, 401 (5th Cir. 2004) (quoting Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411,

---

[4]    The court notes that plaintiff has sued, but not yet served with process, the attorney alleged to have been appointed to represent him in the state proceedings.

[5]    Plaintiff filed two responses to the motion, one timely, the other not.  The County Defendants have moved to strike the second response on the bases that it is untimely and that it gives the plaintiff an impermissible "second bite at the apple."  The court could strike the second response but elects not to since the response adds nothing of substance to the court's consideration of the issues and does not in any way alter the court's view of the case.

66 L. Ed. 2d 308 (1980)).  <u>See also</u> <u>Petro-Hunt, L.L.C. v. United States</u>, 365 F.3d 385, 395 (5th Cir. 2004) (res judicata, or claim preclusion, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit).  Four elements must be met for a claim to be barred by res judicata:

> (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.

<u>Anderson v. Wells Fargo Bank,</u> No. 2:15-CV-88-KS-MTP, 2016 WL 4151120, at *2 (S.D. Miss. Aug. 4, 2016) (citing <u>Stone v. La. Dep't of Revenue</u>, 590 Fed. App'x 332, 335-36 (5th Cir. 2014)).  If these elements are present, then dismissal under Rule 12(b)(6) or Rule 12(e) is appropriate.  <u>Id</u>. (citation omitted).

Plaintiff's previous lawsuit relating to his June 17, 2013 arrest, incarceration and subsequent conviction resulted in a judgment on the merits by a court of competent jurisdiction. Although that action was brought against Copiah County only and none of the County Defendants named herein was made a party to that action, they were in privity with the County.  As defendants note, "[a] non-party will be considered 'in privity, or sufficiently close to a party in the prior suit so as to justify preclusion,' where the party to the first suit is so closely aligned with the nonparty's interests as to be his 'virtual

representative.'" <u>Donley v. Hudsons Salvage, L.L.C.</u>, 517 F. App'x 216, 221 (5th Cir. 2013) (quoting <u>Royal Ins. Co. of Am.v. Quinn-L Capital Corp.</u>, 960 F.2d 1286, 1297 (5th Cir. 1992)).  "Defendants who are members of the same government agency are generally treated as being in privity for purposes of being able to assert a res judicata defense." <u>Johnson v. Hays Cty.</u>, No. A-14-CA-834 LY, 2014 WL 5524144, at *4 (W.D. Tex. Oct. 31, 2014) (citing <u>Boone v. Kurtz</u>, 617 F.2d 435, 436 (5th Cir. 1980)).

To determine whether there is an identity of claims between the first and second actions, the court uses a transactional test, which "requires that the two actions be based on the same 'nucleus of operative facts.'" <u>Oreck</u>, 560 F.3d at 402 (internal quotation marks and citations omitted).  Under the transactional test,

> [A] prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original transaction arose.  What constitutes a "transaction" or a "series of transactions" is determined by weighing various factors such as whether the facts are related in time, space, origin, or motivation; whether they form a convenient trial unit; and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

<u>Id.</u> at 402 (internal quotation marks, brackets and citations omitted).  If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.  <u>New York Life Insur. Co. v. Gillispie,</u> 203 F.3d 384, 387

11

(5th Cir. 2000).  The critical issue is whether the two actions are based on the "same nucleus of operative facts."  Id.

In this lawsuit, plaintiff's claims relating to his arrest, incarceration, prosecution and conviction are the same as those in his prior lawsuit.  These claims are plainly barred by res judicata.  Cf. Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 560, 563 (5th Cir. 1983) ("[R]es judicata ... bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication" and "theories which were the subject of an untimely motion to amend, filed in the earlier action, 'could have been brought' there.").  Those claims will be dismissed.[6]

In addition to his claims relating to his June 17, 2013 arrest, incarceration, and subsequent prosecution and conviction, plaintiff has asserted Fourteenth Amendment claims relating to his conditions of confinement, which include allegations that he was

---

[6]     This includes his Fourth and Fourteenth Amendment claims against Cubit for alleged assault/excessive force and false arrest; his putative due process claims against Calhoun for alleged perjury; against Sheriff Jones for allegedly earwigging the judge regarding bail, against Kelly and Twinner for withholding exculpatory evidence, against Carr for failing to procure a judge's signature on the affidavits for arrest, against Munn for withholding exculpatory evidence and accepting perjured testimony, against Hallman for notarizing an affidavit charging him under an invalid statute, and against Judge Ramsey for withholding exculpatory evidence and accepting perjured testimony; and his Eighth Amendment claim against Judge Ramsesy for excessive bail.

denied needed medical care and was subjected to allegedly

deplorable conditions, including cell overcrowding, mold on the

walls, flooding and "feces pouring out of the drain" in his cell.

The only basis which defendants have asserted for dismissal of

these claims is res judicata.   In the court's opinion, however,

these claims do not arise out of the same nucleus of operative

facts as his claims relating to his alleged wrongful arrest,

incarceration and conviction.   These are claims that could be

asserted without regard to the validity of plaintiff's arrest and

conviction.   Accordingly, the court concludes that the motion is

not well taken as to these claims.

    Attorney General Jim Hood/District Attorney Martin Alexander

Plaintiff has sued Mississippi Attorney General Jim Hood and

District Attorney Martin Alexander for having failed to grant him

relief from his alleged unconstitutional prosecution and

conviction under a nonexistent state statute, Mississippi Code

Annotated § 97-35-7-15,[7] and based on fraud and perjury.[8]   Both

_____

        [7]      The criminal affidavit executed by Percy Calhoun recited
the plaintiff "did willfully and unlawfully disturb the public
peace ... by fighting in the middle of a public street. ...   This
in violation of section [97-35-7-15] of the Ms. Code ...."
Plaintiff is correct that there is no Mississippi Code § 97-35-7-
15.   It seems likely that this reference was intended to refer to
§ 97-35-7 through § 97-35-15, as each of these statutes relates to
variations of the offense of disorderly conduct/disturbing the
peace.   See Miss. Code Ann. § 97-35-7 (disorderly conduct; refusal
to comply with police request); § 97-35-9 (disturbance of the
peace by offense or tumultuous conduct); § 97-35-11 (disturbance

defendants have moved to dismiss all of plaintiff's claims against
them.  For the reasons that follow, the court finds their motions
are well taken and should be granted.[9]

---

of the peace by abusive language or indecent exposure); § 97-35-13
(disturbance of the peace in public place); § 97-35-15
(disturbance of the peace).
    The court notes that plaintiff has filed a "Motion For
Constitutional Challenge of Statute," in which he states that he
is "challenging the constitutionality of statute 97-35-7-15."  As
there is no such statute, there is no basis for challenging the
constitutionality of the statute.  Moreover, the court has
concluded that his claims relating to allegedly having been
prosecuted under this allegedly nonexistent statute are due to be
dismissed.

    [8]    Plaintiff's sole allegation against Hood is as follows:
    Plaintiff petition the A.G. Jim Hood for relief of
    statute [97-35-7-15] disturbing the peace and for the
    conviction obtain threw fraud by Copiah County
    Prosecutor Elise Munn, which the A.G. Jim Hood refused
    to acknowledge the Statutory law of the State of
    Mississippi....

As to Alexander, plaintiff alleges the following:
    Plaintiff also filed a petition with the District
    Attorney Martin Alexander in Relief to the unlawful
    statue and for the conviction obtain threw fraud and
    perjury which went unanswered by the District Attorney
    Martin Alexander which the Plaintiff Washington went to
    the office of the District Attorney which the plaintiff
    explained his problem and the staff Indicated that it
    was out of the District Attorney Jurisdiction . . . .
    *** 97-35-7-155 is not a statue of Mississippi and
    therefore impossible to enforce on a citizen of these
    United States and the State Of Mississippi . . . The
    plaintiff provided the D.A. Martin Alexander with the
    evidence that prosecutor Elise Munn had committed
    Fraud....

    [9]    Although they have filed separate motions, they will be
addressed together as both defendants have raised identical
arguments for dismissal.

Plaintiff does not state whether Alexander and Hood are sued in their official capacities or individual capacities, or both. Moreover, he does not state what specific relief he seeks from these defendants.  Generally, he states he wants to be "freed of the charge of disturbing the peace" and to have the charge removed from his criminal record and to have a public apology, and he wants money damages for the ninety days he spent in jail in deplorable conditions on the disturbing the peace charge and for the assault and unlawful arrest.

Alexander and Hood are not proper defendants in their official capacities.  Plaintiff's claims against Alexander and Hood are based on alleged violations of his federal constitutional rights.  Those claims may be brought only under 42 U.S.C. § 1983. See Berger v. City of New Orleans, 273 F.3d 1095 (5th Cir. 2001) (a plaintiff "cannot maintain a cause of action directly under the Fourteenth Amendment when seeking to assert Constitutional violations against municipalities or governmental actors, but must employ the applicable statutory mechanism when one exists ---here, 42 U.S.C. § 1983.").  Section 1983 liability lies only against a "person" who, acting under color of state law, violates an individual's constitutional rights.  42 U.S.C. § 1983.  State officials, such as Hood and Alexander, are not considered "persons" when sued in their official capacities.  See Will v.

<u>Michigan Dep't of State Police</u>, 491 U.S. 58, 71, 109 S.  Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). For this reason, claims against Hood and Alexander in their official capacities must be dismissed.

In addition, any official capacity claims against Hood and/or Alexander are barred by the Eleventh Amendment. The Eleventh Amendment has been interpreted to provide that, in the absence of consent or waiver, states, state agencies, and state officials sued in their official capacities, are immune from actions brought in federal courts, regardless of the type of relief sought. <u>Nabers v. Mississippi State Tax Comm'n</u>, 665 F. Supp. 2d 692, 697 (S.D. Miss. 2009) (citing <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 99–100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). <u>Ex Parte Young</u>, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), carves out a narrow exception to this immunity by permitting suits for prospective relief against state officials for violations of federal law by those officials. <u>Id.</u> (citing <u>Pennhurst</u>, 465 U.S. at 102, 104 S. Ct. at 909). This exception applies only where a plaintiff sues a state official in his official capacity for "an ongoing violation of federal law" and "seeks relief properly characterized as prospective." <u>Id.</u> (citing <u>Verizon Maryland, Inc. v. Public Serv. Comm'n of Md.</u>, 535 U.S.

635, 645, 122 S. Ct. 1753, 1760, 152 L. Ed. 2d 871 (2002)).
Plaintiff herein does not allege an ongoing violation of federal
law, and he does not seek prospective relief.

To the extent plaintiff has brought individual capacity
claims against Hood and/or Alexander to be "freed from" his
allegedly unlawful conviction for disturbing the peace, or for
monetary relief for his incarceration related to the disturbing
the peace charge (on which he was ultimately convicted), his
claims are barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct.
2364, 129 L. Ed. 2d 383 (1994).  In Heck, the Supreme Court held
that a state prisoner's claim for damages is not cognizable under
§ 1983 if a judgment for him would "necessarily imply" the
invalidity of his conviction or sentence, unless he can
demonstrate that the conviction or sentence has previously been
invalidated.  Id. at 2372, 114 S. Ct. 2364.  See also DeLeon v.
City of Corpus Christi, 488 F.3d 649, 652 (5th Cir. 2007) (under
Heck, "a civil tort action, including an action under section
1983, is not an appropriate vehicle for challenging the validity
of outstanding criminal judgments").  A judgment for plaintiff on
his claims against Hood and Alexander would "necessarily imply"
that his conviction was invalid.  Indeed, the precise relief
plaintiff seeks is an adjudication that his conviction was invalid

and to have his conviction set aside.  Moreover, plaintiff cannot demonstrate that his conviction has been invalidated.  On the contrary, his appeal of his conviction in the state courts was unsuccessful, as was his federal habeas petition.  Accordingly, the claims against Hood and Alexander will be dismissed.[10]

<u>Federal Defendants</u>

The Federal Defendants - Judge Wingate, Judge Anderson, Clerk of Court Johnston, Tonya Carruth and Brenda Wolverton - have moved to dismiss pursuant to Rule 12(b)(6).  For the reasons that follow, the court concludes their motion is well taken and should be granted.

Plaintiff alleges that Judge Wingate violated his due process rights by dismissing his prior lawsuit and by denying his motion for a free transcript on appeal.  He asserts that Judge Anderson violated his due process rights by "speaking over" him and "belittling" him at a motion hearing while he was trying to argue his claims.  These defendants have moved to dismiss plaintiff's claims against them on the basis of judicial immunity.

---

[10]    The court finds it unnecessary to address the other grounds for dismissal advanced by these defendants.

Judges are immune from liability for damages for acts
committed within their judicial jurisdiction. <u>Pierson v. Ray</u>, 386
U.S. 547, 553-54, 87 S. Ct. 1213, 1217-18, 18 L. Ed. 2d 288 (1967)
(citing <u>Bradley v. Fisher</u>, 13 Wall. 335, 20 L. Ed. 646 (1872)).
This immunity, which is preserved for § 1983, "applies even when
the judge is accused of acting maliciously and corruptly," since
"'judges should be at liberty to exercise their functions with
independence and without fear of consequences.'" <u>Id</u>. at 554, 87
S. Ct. at 1218 (quoting <u>Scott v. Stansfield, L.R.</u>, 3 Ex. 220, 223
(1868)). That is, a judge's "errors may be corrected on appeal,
but he should not have to fear that unsatisfied litigants may
hound him with litigation charging malice or corruption. Imposing
such a burden on judges would contribute not to principled and
fearless decisionmaking but to intimidation." <u>Id.</u>, 87 S. Ct. at
1218. Here, there is no doubt that the actions challenged by
plaintiff were judicial in nature and that Judge Wingate and Judge
Anderson acted within their jurisdiction. <u>See</u> <u>Ballard v. Wall</u>,
413 F.3d 510, 515 (5th Cir. 2005) (citing <u>Malina v. Gonzales,</u> 994
F.2d 1121, 1125 (5th Cir. 1993)) (factors in determining whether a
judge's actions are judicial in nature are (1) whether the act at
issue is a normal judicial function; (2) whether the acts occurred
in courtroom or appropriate adjunct spaces; (3) whether the
controversy centered around a case before the court; and

19

(4) whether the acts arose directly out of a visit to the judge in his official capacity).[11]

Plaintiff has sued Arthur Johnston, Clerk of the Court for this district; Tonya Carruth, a deputy clerk employed by this court; and Brenda Wolverton, the court reporter who recorded the hearing before Judge Anderson in Washington I. All three defendants have moved to dismiss for failure to state a claim, contending they are entitled to qualified immunity.

"A clerk of a federal court performing routine duties such as entering an order and notifying parties does not enjoy an absolute immunity from damages actions for injuries caused by that conduct." Williams v. Wood, 612 F.2d 982, 984 (5th Cir. 1980). Instead, they have qualified immunity, meaning they "are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396

---

[11]    Plaintiff has moved to disqualify County Defendants' attorney William Allen on the basis that he will be a witness as to what transpired at the hearing before Judge Anderson.  Though the motion to disqualify would have been denied in any event, the dismissal of the claims against Judge Anderson eliminates any alleged need for Mr. Allen's testimony and hence the putative basis for the motion to disqualify.

(1982).  See <u>Burnett v. Denman</u>, 368 F. App'x 603, 604 (5th Cir.
2010) ("Court clerks enjoy qualified immunity for those routine
duties not explicitly commanded by either court decree or judicial
instruction.").  Likewise, "[o]fficial court reporters are
entitled to qualified immunity under 42 U.S.C. § 1983 if they
acted pursuant to their lawful authority and following in good
faith the instructions or rules of the Court."  <u>Woodall v. Texas</u>,
78 Fed. App'x 953, 954 (5th Cir. 2003).

Plaintiff's complaint against Mr. Johnston and Ms. Carruth is
vague.  As to Ms. Carruth, he alleges only that she failed to
perform her official duties as required by the Federal Rules of
Civil Procedure and thereby committed "willful misconduct in her
official duty."  He avers that Mr. Johnston failed to train his
employees on the Federal Rules of Civil Procedure and thereby
violated plaintiff's due process rights.  These conclusory
assertions are unaccompanied by any factual allegations and are
plainly insufficiently specific to state a cognizable claim for
relief.

Plaintiff's response to defendants' motion sheds some light
on his position.  Therein, he argues that Mr. Johnston and Ms.
Carruth failed to report Judge Wingate's denial of plaintiff's
motion for a free transcript and thereby denied him, or

participated in the denial to him of an effective appeal.  Mr.
Johnston and Ms. Carruth had no authority or control over Judge
Wingate's ruling on plaintiff's request for a transcript at
government expense, and any responsibility they may have had to
"report" his ruling was simply to enter it in the court record,
which was in fact done.  Plaintiff does not identify any action or
inaction by Mr. Johnston or Ms. Carruth that violated any
constitutional right, much less a clearly established
constitutional right.

As to Ms. Wolverton, plaintiff alleges in his complaint that
she violated his due process rights by "defrauding the plaintiff
out of his transcript."  In his response to the motion, plaintiff
alludes to having provided Ms. Wolverton a $200 money order to pay
for a transcript of the September 3, 2014 hearing before Judge
Anderson (which he claims would have proven to the Fifth Circuit
that Judge Anderson violated his due process rights), but he
claims that she failed to provide a transcript of the hearing,
ostensibly because the quality of the recording was too poor to
allow for transcription.[12]  Ms. Wolverton did not violate

---

[12]     The court notes that plaintiff does not contend that Ms.
Wolverton failed to return his $200 money order.  Moreover, in a
motion filed by plaintiff in Washington I requesting that the
recording of the hearing be sent to "an expert like the FBI" which
has higher quality equipment that would enable transcription,
plaintiff states that Ms. Wolverton returned his money order.

plaintiff's due process rights by failing to transcribe the hearing before Judge Anderson, particularly when her failure to do so was due to factors beyond her control, i.e., the poor quality of the recording, and when the transcript in any event was not germane to the appeal as it did not lead to any ruling by Judge Anderson but rather resulted in her deferring to Judge Wingate.

<u>Conclusion</u>

Based on all of the foregoing, it is ordered that the motion for judgment on the pleadings by the Copiah County Board of Supervisors [Dkt. 13] is granted; the motion for judgment on the pleadings by Sheriff Harold Jones, Undersheriff Derrick Cubit, Detective John Roberts, Deputy Percy Calhoun, Jail Administrator Ms. Black, Investigator Sharon Kelly, Investigator Milton Twinner, Justice Court Prosecutor Elise Munn, Justice Court Judge Vicky B. Ramsey, Deputy Clerk Cecil Hallman, and Justice Court Clerk Mona Lisa Carr is granted as to the claims relating to plaintiff's June 17, 2013 arrest, incarceration, prosecution and conviction is granted, but is denied as to his claim against Sheriff Jones and Ms. Black relating to his conditions of confinement at the Copiah County Detention Center [Dkt. 14]; the motions to dismiss for lack of jurisdiction and for failure to state a claim by District Attorney Alexander Martin [Dkt. 23] and Jim Hood [Dkt. 25] are granted; the motion to dismiss pursuant to Rule 12(b)(6) by United

23

States District Judge Henry Wingate, United States Magistrate Judge Linda Anderson, Clerk of Court Arthur Johnson, Deputy Clerk Tonya Carruth and Court Reporter Brenda Wolverton is granted [Dkt. 28]; the motion by the County Defendants to strike plaintiff's second response to their motion for judgment on the pleadings is denied [Dkt. 32]; the motion by plaintiff to disqualify William Allen as counsel for the County Defendants is denied [Dkt. 19]; and plaintiff's motion "for constitutional challenge of statute" is denied [Dkt. 38].

SO ORDERED this 1st day of November, 2016.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE